UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWYERS' COMMITTEE FOR 9/11 INQUIRY, INC.** )<br>c/o Attorney Mick G. Harrison )<br>411 S. Henderson Street )<br>Bloomington, IN 47401 )<br> )<br> )<br>     **Plaintiff,** )<br> )<br>v.                             )<br> )<br>**MERRICK GARLAND,** )<br>**ATTORNEY GENERAL OF THE UNITED STATES;** )<br>**AND THE UNITED STATES DEPARTMENT** )<br>**OF JUSTICE,** )<br>950 Pennsylvania Avenue, NW )<br>Washington, D.C. 20530-0001 )<br> )<br>**AND** )<br> )<br>**CHRISTOPHER A. WRAY, DIRECTOR,** )<br>**FEDERAL BUREAU OF INVESTIGATION; AND** )<br>**THE FEDERAL BUREAU OF INVESTIGATION,** )<br>935 Pennsylvania Avenue, NW )<br>Washington, D.C. 20535-0001 )<br> )<br>     **Defendants.** ) | Case No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**
(**Freedom of Information Act, 5 U.S.C. 552, as amended**)

**Preliminary Statement**

Plaintiff seeks disclosure of FBI "major bombings cases" records on the September 11, 2001 attacks at the Pentagon and World Trade Center. The FBI acknowledges its possession of the records sought but refuses to release them. The public interest in disclosure is enormous.

1

**Jurisdiction and Venue**

1. Plaintiffs bring this action under the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552, as amended, which provides this Court jurisdiction over this matter. Venue is proper under § 552 (a)(4)(B) of the FOIA.

**Parties**

2. Plaintiff Lawyers Committee for 9/11 Inquiry, Inc. ("Lawyers' Committee") is a nonprofit corporation duly organized and existing under the laws of Pennsylvania, operating as a non-profit corporation under § 501(c)(3) of the Internal Revenue Code. Plaintiff's mission is transparency and accountability regarding the tragic events of September 11, 2001.

3. Defendant United States Department of Justice is a Department of the Executive Branch of the United States and is an agency within the meaning of 5 U.S.C. § 552 (f)(1). The Federal Bureau of Investigation is the investigative component of the Department of Justice. The Department of Justice is responsible for the FBI's compliance with the FOIA. This defendant is hereinafter referred to as simply "FBI."

**PLAINTIFF'S FOIA REQUEST**

4. On or about August 15, 2019, Plaintiff Lawyers' Committee filed a FOIA request with the FBI which requested a copy of the FBI's major bombings cases files, files which the FBI had noticed its intention to transfer to the Archives (to NARA, the National Archives and Records Administration). The FBI assigned this FOIA request agency FOIPA Request No. 1444873-000.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. On or about January 10, 2020, the FBI communicated to the Lawyers' Committee

its estimated cost of producing the requested files, which was approximately $3,000.

6. On or about February 5, 2020, the Lawyers' Committee replied to the FBI noting the Lawyers' Committee's willingness to pay the FBI's costs for producing the requested records but noting that the Lawyers' Committee was narrowing its request to a specific subset of the agency's collection of photographs and related records regarding major bombing incidents and other FBI cases in this FBI records collection, records itemized in NARA SF-115 Job Number N1-065-10-1, along with an index of all agency records in this collection. The Lawyers' Committee narrowed its request to the subset of this FBI records collection that included photos and records in the collection related to the World Trade Center and to the Pentagon, as well as a complete index of all photos and records (in NARA SF-115 Job No. Nl-065-10-1 dated 10/5/2009).

7. On or about February 14, 2020, and again, after an administrative remand, on March 5, 2021, the FBI denied the Lawyers' Committee's FOIA request. The FBI in its denial responded that it was refusing to provide any of the requested records because those records were considered by the FBI to be exempt from production under the FOIA as law enforcement sensitive records, pursuant to 5 U.S.C. § 552(b)(7)(A) (FOIA exemption 7(A)). The FBI asserted that "there is a pending or prospective law enforcement proceeding relevant to these responsive records" and that the release of such records could reasonably be expected to interfere with enforcement proceedings.

8. On or about June 3, 2021, the Lawyers' Committee filed an administrative appeal of this FBI denial of this FOIA request, pursuant to the Freedom of Information Act (FOIA) (via fax and via the FBI's online portal). This appeal was assigned by the FBI Appeal No. A-2021-01892.

9. On or about August 27, 2021, the FBI issued its decision denying the Lawyers' Committee's administrative appeal.

10. Plaintiff Lawyers' Committee has exhausted its administrative remedies.

## VIOLATION OF THE FOIA

11. The foregoing paragraphs are incorporated herein by reference.

12. As of the date of this complaint, defendants have failed to produce to Plaintiff, or allow Plaintiff access to, any responsive records, or demonstrate that the requested records are exempt from disclosure.

13. Plaintiff has a statutory right to the prompt disclosure of the records it seeks.

14. There is no legal basis for defendants' refusal to disclose the records requested by Plaintiff.

15. Contrary to the FBI's claimed exemption, there is no pending or prospective law enforcement proceeding that could be interfered with by the release of the requested records. The FBI effectively admitted as much when the FBI determined it was going to archive the requested records.

WHEREFORE, Plaintiff respectfully requests that this Court order defendant FBI to:

A. Conduct a thorough search for all responsive records;

B. Provide a Vaughn index inventorying all responsive records and itemizing and justifying all withholdings;

C. Promptly disclose to Plaintiff all requested records in electronic form, and if necessary make disclosures of these records as they are processed, on a rolling basis; and

D. Remit to the plaintiff Lawyers' Committee its reasonable attorneys' fees and costs as provided in 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(d); and

E. Grant such further relief as the Court may deem just and proper.

Dated:   September 10, 2023

                      Respectfully submitted,

                      <u>/s/ Mick G. Harrison</u>
                      Mick G. Harrison, Attorney at Law, No. IN 0015
                      520 S. Walnut Street, #1147
                      Bloomington, IN   47402
                      Phone: 812-361-6220
                      Fax: 812-233-3135
                      E-mail: mickharrisonesq@gmail.com